UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARIA ISABEL ALONSO,<br><br>                Plaintiff,<br><br>v.<br><br>APPSKETIERS INC., *et al.*,<br><br>                Defendants. | Civil Action No. 25-16751 (JXN) (JSA)<br><br>**MEMORANDUM ORDER** |

**NEALS**, District Judge

      Before the Court is *pro se* Plaintiff Maria Isabel Alonso's ("Plaintiff") application to proceed *in forma pauperis* ("IFP Application") (ECF No. 1-3) and Complaint against Defendants Appsketiers Inc., Jeremy Davenport, Sean Cook, Nick Bugara, The Tea App, and Spill the Tea Inc. (collectively "Defendants") (ECF No. 1.) Additionally, before the Court is Defendants' motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 3.) For the reasons stated herein, the Court will **DENY** Plaintiff's IFP Application and Defendant's motion to dismiss, and this matter will be **ADMINISTRATIVELY TERMINATED**.

      "The *in forma pauperis* statute, 28 U.S.C. § 1915, 'is designed to ensure that indigent litigants have meaningful access to the federal courts.'" *Deutsch v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)). Whether to grant or deny an application to proceed *in forma pauperis* is committed to the discretion of the District Court. *See, e.g., Cotto v. Tennis*, 369 F. App'x 321, 322 (3d Cir. 2010) (the Court of Appeals "review[s] the denial of leave to proceed IFP for abuse of discretion."). It is the plaintiff's burden to prove his indigency in order to establish his eligibility to proceed *in*

*forma pauperis*. *See Pew v. Extraction Team Members*, Civ. No. 16-91, 2016 WL 2958767, at *1 (W.D. Pa. Apr. 25, 2016), *report and recommendation adopted*, 2016 WL 2977303 (W.D. Pa. May 20, 2016) ("It is a plaintiff's burden to prove entitlement to IFP status ... by a preponderance of the evidence."). "In determining whether a litigant is eligible for IFP status, the Court should consider the financial position of the party." *Shahin v. Sec'y of Delaware*, 532 F. App'x 123 (3d Cir. 2013). While the plaintiff does not need to prove that he is "absolutely destitute" to be eligible for the benefits of the *in forma pauperis* statute, *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948), courts typically deny the IFP applications if paying the filing fees would not deprive the plaintiff of the "necessities of life." *See, e.g., Shahin*, 532 F. App'x at 124 (finding that a showing of a minimal monthly income was sufficient to deny the plaintiff the privilege to proceed *in forma pauperis* because plaintiff's husband provided her with food, clothing, shelter, and other "necessities of life."); *Roberts v. Twp. of Horsham*, Civ. No. 94-1821, 1994 WL 384934, at *1 (E.D. Pa. July 19, 1994) (denying plaintiff's application to proceed *in forma pauperis* because plaintiff listed real estate valued at $130,000 as an asset even though she reportedly had no income).

After reviewing Plaintiff's IFP Application, the Court finds that Plaintiff has not met her burden to show entitlement to the *in forma pauperis* status. Plaintiff's IFP Application indicates that she has a monthly income of $2,200. (ECF No. 1-3 at 1.) Plaintiff provides that her total monthly expenses total $800. (*Id*. at 4.) Additionally, Plaintiff states that "if [her] fee can be waived for now[, she] can pay later." (*Id*. at 5.) Given the information provided, the Court concludes that Plaintiff has the ability to pay the $405.00 filing fee without being deprived of the "necessities of life." *Shahin*, 532 F. App'x at 124.

As a result, Plaintiff's Complaint will not be filed or considered by the Court until Plaintiff pays the filing fee. Accordingly,

**IT IS,** on this 4th day of December 2025,

**ORDERED** that Plaintiff's IFP application (ECF No. 1-3) is **DENIED**; it is further

**ORDERED** that the Clerk of the Court shall **ADMINISTRATIVELY TERMINATE** this matter without filing the Complaint; Plaintiff is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally timely, *see Dasilva v. Sheriff's Dep't.*, 413 F. App'x 498, 502 (3d Cir. 2011); it is further

**ORDERED** that the Clerk of the Court shall **ADMINISTRATIVELY TERMINATE** Defendants' motion to dismiss (ECF No. 3); it is further

**ORDERED** that by no later than **Monday, January 5, 2026**, Plaintiff may submit the $405 filing fee, and the Clerk of Court will reopen the matter without further action from the Court; it is further

**ORDERED** that the Clerk of the Court serve a copy of this Memorandum Order upon Plaintiff by regular U.S. mail.

_____
HONORABLE JULIEN XAVIER NEALS
United States District Judge